IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In re:** : | **Case No. 17-22729-GLT** |
| **City of Pittsburgh Property** : | |
| **Development, Inc.,** : | |
| : | **Chapter 7** |
| **Debtor** : | |

*************************************************************************

| | | |
|---|---|---|
| **James R. Walsh, Trustee of the** : | |
| **Bankruptcy Estate of City of Pittsburgh** : | |
| **Property Development, Inc.,** : | **Doc. No. ___** |
| : | |
| **Movant** : | |
| : | |
| **v.** : | |
| : | **Hearing Date & Time:** |
| **City of Pittsburgh Property** : | **November 29, 2018 at 10:00 a.m.** |
| **Development, Inc.,** : | |
| : | |
| **Respondent** : | |

*************************************************************************

**MOTION OF THE CHAPTER 7 TRUSTEE FOR ENTRY OF AN ORDER COMPELLING CITY OF PITTSBURGH PROPERTY DEVELOPMENT, INC. TO PRODUCE AND TURN OVER DOCUMENTS AND INFORMATION**

COMES NOW, James R. Walsh, Chapter 7 Trustee of the Bankruptcy Estate of City of Pittsburgh Property Development, Inc. ("Trustee"), by and through his undersigned counsel, and does file the within Motion, upon a cause whereof, the following is a statement, to wit:

1. The Debtor, City of Pittsburgh Property Development, Inc. ("Debtor"), is a Pennsylvania business corporation that commenced the instant case by filing a voluntary petition for relief pursuant to the provisions of Chapter 11 of Title 11 of the U.S. Code, 11 U.S.C. §101, et seq., on July 2, 2017.

1

2. The Debtor maintains a registered mailing address in care of Prasad Bandhu, President, 834 Washington Road, Pittsburgh, PA 15228 with notice to counsel Robert O Lampl, Robert O Lampl Law Office, Benedum Trees Building, 223 Fourth Avenue, 4th Floor, Pittsburgh, PA 15222.

3. The Movant is James R. Walsh, Chapter 7 Trustee of the Bankruptcy Estate of the City of Pittsburgh Property Development, Inc. with a mailing address in care of Spence, Custer, Saylor, Wolfe & Rose, LLC, 1067 Menoher Boulevard, Johnstown, Pennsylvania 15905.

4. This proceeding is a "core" proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

5. By Order of Court dated February 12, 2018 (Dkt. No. 95) the said James R. Walsh was appointed as Chapter 11 Trustee.

6. By Order of Court dated May 3, 2018 (Dkt. No. 124), the Chapter 11 case was converted to a case under Chapter 7.

7. By Notice of Appointment dated May 7, 2018 (Dkt. No. 128), the said James R. Walsh was appointed as Chapter 7 Trustee.

8. In furtherance of his obligations as, first, the Chapter 11 trustee and, now, the Chapter 7 Trustee, the Trustee, both individually and through counsel, immediately upon his appointment began reviewing the assets and liabilities of the Debtor including an in-person meeting with both the Debtor's authorized representative and its counsel on February 16, 2018.

9. At the time of the meeting on February 16, 2018, the Trustee requested that the Debtor, through its representative and/or counsel produce various documents including but not limited to bank statements and information related to the same.

10. Following numerous requests by the Trustee to the Debtor for documentation and information required to conduct the Trustee's investigation for the Bankruptcy Estate, this Court issued an Order, dated May 8, 2018, requiring the Debtor to turn over the documentation and information requested by the Trustee in his Motion to Compel Entry of an Order Compelling City of Pittsburgh Property Developments, Inc. to Produce and Turn Over Documents (Dkt. No. 116) ("Motion to Compel").

11. In addition to the filing the above-referenced Motion to Compel, the Trustee issued a subpoena to First Commonwealth Bank, the financial institution at which the Debtor maintained its bank accounts seeking signature cards, statements, and any and all documentation related to all deposits and withdrawals from any accounts maintained by the Debtor.

12. Upon reviewing the requested documentation and information provided by First Commonwealth Bank[1], which included bank statements associated with the Debtor's First Commonwealth Bank checking account, Account No. XXXXXX9916 (the "Debtor's Account"), counsel for the Trustee became aware of a check, Check No. 001000, dated March 28, 2018. Said check was made payable to Hitesh Tanwani in the amount of $18,000.00. A copy of the bank statements associated with the Debtor's Account and evidencing said check is attached hereto and is marked as Exhibit "A."

13. By email and by letters dated June 14, 2018; September 10, 2018; and September 21, 2018, counsel for the Trustee requested from both the Debtor's representative and counsel for the Debtor general information related to Mr. Tanwani so that the Trustee could discuss the transaction with Mr. Tanwani as part of the Trustee's administration of the Bankruptcy Estate.

---

[1] Subsequent to engaging the Law Offices of Robert O. Lampl and, in compliance with this Court's Order on the Motion to Compel, the Debtor produced various documents which assisted the Trustee in his review of the financial affairs of the Debtor.

One last attempt to obtain information related to Mr. Tanwani was made by counsel for the Trustee on October 23, 2018, by way of email correspondence. To date, neither the Trustee nor counsel for the Trustee has been provided with any documentation or information pertaining to Mr. Tanwani.

14. Pursuant to 11 U.S.C. § 521(a)(3), the "debtor shall […] cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title[.]" The Debtor, through its authorized representative, failed and refused to provide the Trustee with information pertaining to Mr. Tanwani and, as such, is hindering the Trustee in the performance of his duties.

15. Because the Debtor has, to this point, failed to cooperate with the Trustee's investigation and administration of the Bankruptcy Estate as it relates to the transfer of funds from the Debtor's Account to Mr. Tanwani, an Order to compel the Debtor to produce and turn over documents and information, including but not limited to contact information, related to Mr. Tanwani and the aforementioned transaction is necessary for the Trustee to continue his administration of the Bankruptcy Estate.

16. Bankruptcy Rules 7037 and 9014 make applicable in contested matters Fed. R. Civ. P. 37. Fed. R. Civ. P. 37(a)(1) provides:

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Fed. R. Civ. P. 37(a)(1).

17. In addition, Fed. R. Civ. P. 37(a)(5)(A) provides, in part:

> If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard,

require the party or deponent whose conduct necessitated the motion, the party or the attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed. R. Civ. P. 37(a)(5)(A).

18. As of the date of the filing of the instant motion, the Debtor has failed to provide the Trustee with any documentation or information related to Mr. Tanwani or the aforementioned transaction from the Debtor's Account. By email dated October 23, 2018, counsel for the Trustee provided the Respondent with a final opportunity to provide the requested information so as to avoid the filing of the instant Motion. The Debtor has not contacted the Trustee's office to request additional time to produce the documents and information and has not indicated that the Debtor will be producing any documents or information related to Mr. Tanwani, which are relevant and necessary to administer the Bankruptcy Estate.

19. Pursuant to Fed. R. Civ. P. 37(a)(5)(A), the Trustee reserves the right to request that this Court direct the Debtor to pay the Trustee's reasonable expenses, including legal fees, incurred as a result of the Debtor's failure to produce and turn over the requested information and documentation in the amount of $500.00.

**WHEREFORE**, the Trustee respectfully requests that this Court enter an Order compelling the Debtor/Respondent, City of Pittsburgh Property Development, Inc., by and through its authorized representative, to produce and turn over to the Trustee documentation and information related to Mr. Tanwani and the aforementioned $18,000.00 disbursement to Mr. Tanwani from the Debtor's Account within seven (7) days from the date of the Order, and further, the Trustee does authorize his counsel to file the instant Motion on his behalf.

Dated: October 26, 2018                    Respectfully Submitted,

                                           Spence, Custer, Saylor, Wolfe & Rose, LLC

By:    */s/ Kevin J. Petak*,
James R. Walsh, Esquire
PA ID # 27901
Kevin J. Petak, Esquire
PA ID # 92154
George J. Bivens, Esquire
PA ID # 324789
1067 Menoher Boulevard
Johnstown, PA 15905
Tel: 814.536.0735
Fax: 814.539.1423
Email: kpetak@spencecuster.com
*Counsel for the Movant/Trustee*